UNITED STATES, Appellee,

v.

Michael L. CURRY, Lance Corporal,
U.S. Marine Corps, Appellant.

No. 97–0843.
Crim.App. No. 95–0016.

U.S. Court of Appeals for
the Armed Forces.

Submitted Sept. 10, 1997.

Decided May 27, 1998.

For Appellant: *Lieutenant Jeffrey K. Van Nest,* JAGC, USNR.

For Appellee: *Colonel Charles Wm. Dorman,* USMC, *Commander D.H. Myers,* JAGC, USN, and *Lieutenant Commander Nancy Blankenship Jones,* JAGC, USN.

PER CURIAM:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiracy, premeditated murder, robbery, and kidnapping, in violation of Articles 81, 118, 122, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 918, 922, and 934, respectively. The adjudged and approved sentence provides for a dishonorable discharge, confinement for life, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. 46 MJ 733.

Appellant was one of six Marines involved in the killing of another Marine, Lance Corporal (LCpl) Rodney L. Paige. The legal issues before us arose when the Camp Le-Jeune military police (MP) responded to an anonymous telephone call informing them about a homicide in a specific barracks room. The MPs went to that room and knocked on the door but received no answer. One MP lifted another so that he could look into the room through a gap at the top of the curtains. From this position they could see a man lying face up on his bed. The MPs knocked again and received no answer. The barracks duty officer arrived and unlocked the door. They saw appellant lying on the bed bleeding from his slashed wrists. The MPs believed that appellant had attempted suicide.

While some MPs applied first aid, another looked around the room. He saw a razor blade and several sheets of folded notebook paper, which he thought was a suicide note based on its location and the circumstances. The papers were two suicide notes, one addressed "to whom it may concern" and the second "to my loving family." In the notes

appellant admitted his involvement in the murder of LCpl Paige.

The military judge ruled that the MPs' entry into appellant's barracks room was a valid emergency search to save a life under Mil.R.Evid. 314(i), Manual for Courts–Martial, United States (1995 ed.), and that the MPs read the notes as part and parcel of the emergency entry to see if appellant had done anything else to himself such as ingesting pills or poison. Before the Court of Criminal Appeals, appellant asserted, among other assigned errors, that the military judge had erred in admitting the suicide notes. That court found his claims of error without merit and affirmed the findings and sentence.

Before this Court appellant again contends that the military judge erred and that the court below applied the wrong standard of review by reviewing the military judge's ruling for abuse of discretion instead of conducting a *de novo* review.

■ We agree with appellant that Fourth Amendment issues are reviewed *de novo*. *See Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Maxwell,* 45 MJ 406 (1996).

The opinion of the court below is ambiguous regarding the standard of review. In one place it holds that "the military judge did not abuse his discretion in ruling that the observation [through the curtain] was not a search." 46 MJ at 740. Immediately following that statement, however, the court below appears to review the military judge's decision *de novo*, concluding that "the military judge did not err when he denied the defense motion to suppress the two letters seized from the appellant's barracks room." *Id.* at 741.

■ We need not decide whether the court below applied the correct standard or remand for clarification of the decision below, because we hold, having reviewed the military judge's decision *de novo*, that the military judge did not err. *See Mincey v. Arizona,* 437 U.S. 385, 392, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978).

Appellant's petition for grant of review is granted.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.